
IN THE SUPREME COURT OF THE STATE OF MONTANA

Case Number: OP 23-0678

OP 23-0678

VINSON LAUSCH,

Petitioner,

v.

RAY VAUGHN, Captain,
Butte-Silver Bow Detention Center,

Respondent.

ORDER

FILED

DEC - 5 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Vinson Lausch has filed a Petition for Writ of Habeas Corpus, indicating illegal incarceration because his conditional release has been revoked. Lausch is currently held in the Butte-Silver Bow County Detention Center.

Lausch states that he "was on conditional release from Pre-Release in Helena[,]" Montana. He informed his Probation Officer that he used drugs. "Instead of following the grid to sanction [him]," Lausch adds that his Probation Officer "sanctioned" him in a harsher manner than Lausch was expecting. Lausch states that he "stopped checking in because [he] felt that [he] was being [unduly] punished." Lausch puts forth that he had a sentence to the Department of Corrections (DOC) but that now he is being sent to the Montana State Prison. For relief, he requests to have a DOC sentence. Lausch provides no supporting documentation.

Available electronic records indicate that the State charged Lausch with eleven misdemeanors and felonies in 2020. The Missoula County District Court accepted Lausch's nolo contendere pleas to two misdemeanors and four felonies, including stalking and violation of a protective order. Lausch has a net sentence of five years to the DOC with a suspended, two-year term to follow.

The grid that Lausch mentions is the Montana Incentives and Interventions Grid. Section 46-23-1028(1), MCA. Lausch's Probation Officer would not have to use the grid if Lausch had been charged with a new offense because the new offense is considered a

non-compliance violation. Sections 46-18-203(11)(b)(i), and 46-23-1001(3)(a), MCA. Once Lausch stopped reporting to his Probation Officer, he would have been considered an absconder from supervision, which is also considered a non-compliance violation. Section 46-23-1001(1), and 46-18-203(11)(a), -20311(b)(iv), MCA. Lausch does not provide any relevant dates in his Petition for context here.

Under Montana law, a conditional release on probation may be revoked. A conditional release or discharge may be revoked upon a charge of a new offense or any violation of a court's condition. *See* § 46-23-1020(3)(a), (b), or (c), MCA. We secured a copy of the register of actions for a pending criminal case in the Butte-Silver Bow County District Court. On October 27, 2023, the State sought leave to file an Information by affidavit,[1] and the District Court received the Justice Court record three days later. The court granted leave and set bond at $5,500.00. The court held an arraignment hearing on November 9, 2023, and Lausch appeared with counsel. Lausch has been charged with a new offense in court, triggering the revocation of his conditional release, pursuant to § 46-23-1020(3)(a) or (b), MCA.

Lausch has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Lausch has not shown that he has a prison sentence instead of a DOC sentence. This Court does not have the authority to place offenders in treatment programs or the community. He is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that Lausch's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Vinson Lausch personally.

DATED this 5 day of December, 2023.

_____
Chief Justice

---

[1] This Court does not have the other documents to confirm whether Lausch was charged with a felony or misdemeanor.

Justices